United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30306

Summary Calendar
_____

RANDALL E. DARK; TONI DARK,

　　　　　Plaintiffs-Appellants,

　　v.

GEORGIA-PACIFIC CORPORATION,

　　　　　Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
District Court No. CV:03-820-D-M2

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

　　　Plaintiffs-Appellants Randall E. Dark and Mrs. Toni Dark
(collectively "Dark") seek review of the district court's order,
which granted Defendant-Appellee Georgia-Pacific Corporation's
("Georgia-Pacific") motion for summary judgment.  For the reasons
stated below, we AFFIRM the judgment of the district court.

　　　Mr. Randall Dark, a converting supervisor for Georgia-
Pacific, was injured while working at a paper mill operated by

_____

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

Georgia-Pacific. The paper mill contains large machines called "converters" that process paper into its final product. Underneath the converters, below the floor surface, are pits that allow access to the machines for maintenance and repair. The openings to the pits are covered with a silver-colored metal called "diamondback." Customarily, and at the time of Mr. Dark's injury described below, when a converter is being serviced or repaired, the diamondback covering is flipped open and propped back at a 45-degree angle. This leaves an opening at floor level. Two bright yellow poles are placed at the edge of the opening.

On November 19, 2002, after he had been employed at the mill for approximately one month, Mr. Dark was walking though the mill to check on a converter that had been out of service. In the course of this task, Mr. Dark fell seven feet into the then-open converter pit, injuring his ankle. Dark is seeking loss of wages, pain and suffering, medical expenses, medical transportation costs, mental anguish, loss of consortium and all other damages allowed by Louisiana law. Georgia-Pacific admits that Mr. Dark was injured during the course and scope of his employment, but asserts that Dark's claims are barred by the exclusive remedy provision of Louisiana's Workers' Compensation laws.

As jurisdiction in federal court is founded on diversity,

2

Louisiana law applies.  *See DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003).

"We review the grant of summary judgment *de novo*, applying the same legal standards as the district court applied to determine whether summary judgment was appropriate."  *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 259-60 (5th Cir. 2003).  Summary judgment is proper when, "viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law."  *Id.* at 260 (internal citations and quotations omitted).

The Louisiana Workers' Compensation Act provides that workers' compensation is an employee's exclusive remedy against an employer for injuries incurred in the normal course and scope of his employment, unless the injury resulted from an intentional act.  LA. REV. STAT. ANN. § 23:1032(A)-(B); *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 210 (La. 1999).  For purposes of the intentional act exception, Louisiana courts have defined an intentional act as one in which the actor either "(1) consciously desire[s] the physical result of his act, whatever the likelihood of the result happening from his conduct, or (2) know[s] that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Abney v. Exxon Corp.*, 755 So. 2d 283, 288 (La. Ct. App. 1999);

3

*see Robinson v. N. Am. Salt Co.*, 865 So. 2d 98, 104 (La. Ct. App. 2003). "'[S]ubstantial certainty' requires more than a reasonable probability. The injury must be inevitable." *Abney*, 755 So. 2d. at 288. In interpreting the intentional act exception narrowly, the Louisiana Supreme Court has noted that the section 23:1032(B) exception was not designed for acts that were wanton, reckless or grossly negligent. *Reeves*, 731 So. 2d at 213. In fact, an employer's violation of safety standards, without more, is not sufficient to fall within the exception. *Abney*, 755 So. 2d at 288.

Dark argues that his injury was the result of an intentional act falling within the 23:1032(B) exception, which would expand the potential scope of his recovery. He contends that there was no barrier around the pit door when it was open and points out that the pit door, pit walls and floor surface were all the same color. Dark argues that this situation created a dangerous condition, and that Georgia-Pacific knew of the dangerous condition. Dark points out that in the past there were two or three "near-misses," where other employees had been close to falling into a pit. Dark claims that Georgia-Pacific either consciously desired the physical result of its act or knew that the result was substantially certain to follow from its act.

We disagree. Mr. Dark's injury was not the result of an intentional act, as defined by Louisiana law.

4

> [E]mployers are not liable under the intentional act exception for violations of safety standards or for failing to provide safety equipment. . . . Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation.

*Reeves*, 731 So. 2d at 211-12.

Louisiana courts have found no substantial certainty of injury in conditions more egregious than the one here. *See id.* (requesting an employee to manually move a sandblasting pot that weighed hundreds of pounds was not an intentional act); *Hirst v. Thieneman*, 905 So. 2d 343 (La. Ct. App. 2005)(electrocution and death of roofing subcontractor's employee who was guiding crane cable in close proximity to high voltage overhead power line while the subcontractor's supervisor was on site and did nothing to prevent the accident was not an intentional act); *Brown v. Pennzoil-Quaker State Co.*, 175 S.W.3d 431 (Tex. App. 2005)(explosion caused by rupture in heat exchanger at Louisiana oil refinery was not an intentional act of oil company under Louisiana law); *Barnett v. Meridian Res. & Exploration Co.*, 815 So. 2d 1016 (La. Ct. App. 2002)(heater treater in an oilfield did not have a blow down valve; resulting fire of natural gas was not an intentional act). Furthermore, if an act has occurred numerous times and not resulted in injury, then an injury is not substantially certain to occur. *See Barnett*, 815 So. 2d at 1027.

5

The pits have been open numerous times at the paper mill, and there have been no other injuries resulting from employees falling into those pits.

For the reasons above, we affirm the judgment of the district court.

AFFIRMED.